Lisa J. Dickinson (Idaho Bar No. 6282)
DICKINSON LAW FIRM, PLLC
1020 N. Washington St., Ste. 3
Spokane, Washington 99201
Ph: (502) 326-0636
Email: lisa@dickinsonlawfirm.com

David S. Becker (*pro hac application to be filed*)
DICKINSON WRIGHT, PLLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Telephone: 312.641.0060
Facsimile: 844.670.6009
E-mail: dbecker@dickinsonwright.com

*Attorneys for Plaintiff, City Pass, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITY PASS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GO CITY, INC., GO CITY NORTH AMERICA, LLC, and GO CITY LIMITED, <br><br> Defendants. | Case No._____ <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, City Pass, Inc. ("City Pass" or "Plaintiff") for its Complaint against

Defendants Go City, Inc., Go City North America, LLC, and Go City Limited

(collectively "Go City" or "Defendants), alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff, City Pass, has offered for at least the last 25 years pay-one-price bundled attraction tickets to travelers to cities throughout the United States. In fact, City Pass was the first company in North America to provide such an offering.

2.     City Pass brings this lawsuit to protect the substantial goodwill that it has developed in its trademarks and to stop Defendants' scheme of trademark infringement and unfair competition they have waged through sales that are undermining and injuring City Pass's rights and reputation by, at least, causing confusion about the source of pay-one-price bundled attraction tickets.

3.     Defendants' unlawful scheme includes its intentional and infringing use of City Pass's registered and incontestable CityPASS® Marks (defined further below) in association with products sold in direct competition with City Pass and without license, permission, or other approval.

4.     In this action, City Pass seeks to enjoin Defendants from using or otherwise continuing their infringement of the CityPASS® Marks and from otherwise unfairly competing with City Pass. City Pass also seeks to obtain damages for Defendants' illicit conduct, and to obtain appropriate declaratory relief.

5.     Unless Defendants are enjoined from further infringing on City Pass's intellectual property, Defendants' unauthorized use will continue to cause consumer confusion and irreparably harm City Pass.

## THE PARTIES

6.     Plaintiff, City Pass, is a Wyoming corporation with its principal place of business at 27 Arrow Root Lane, Victor, Idaho 83455.

7.     On information and belief, Defendant, Go City, Inc., is a Delaware corporation.

8.     On information and belief, Defendant, Go City North America, LLC, is a New York limited liability company.

9.     On information and belief, Defendant Go City Limited is a company organized and existing under the laws of England and Wales.

10.     On information and belief all Defendants operate out of a principal place of business located at 25 Soho Square, London, W1D 3QR, United Kingdom where all major functions of Defendants' foreign-based website operations are handled.

## JURISDICTION AND VENUE

11.     Plaintiff's claims are for trademark infringement arising under the Lanham Act 15 U.S.C. §1114, et seq., false designation of origin and unfair competition arising under the Lanham Act, 15 U.S.C. § 1125, *et seq.*, unfair or deceptive acts under the Idaho Code § 48-412, and common-law trademark infringement and unfair competition.

12.     This Court has original subject-matter jurisdiction over the federal-law claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), 2201, and 2202.

13.    This Court has supplemental jurisdiction over the subject-matter of the state-law claims pursuant to 28 U.S.C. § 1367 because they are joined with the substantial and related claims arising under the Lanham Act as described above.

14.    The Court has personal jurisdiction over Defendants pursuant to Fed.R.Civ.P. 4(k)(2). The exercise of jurisdiction over Defendants comports with due process because they purposefully direct their activities toward the United States and toward the State of Idaho in particular. Thus, they are purposefully availing themselves of the privileges of the United States and the State of Idaho.

15.    More specifically, Defendants carry on substantial and continuous business activity in the State of Idaho and throughout the United States, selling pay-one-price bundled attraction tickets to customers over the internet through their interactive e-commerce websites which target U.S. consumers nationwide and including customers specifically located in the State of Idaho. On information and belief, Defendants have sold and delivered through virtual means products to residents in this District and target internet marketing campaigns that display advertisements and links to consumers in Idaho, seeking to entice consumers to access its websites and buy Defendants' infringing and misleading products. For its part, City Pass operates out of

its Idaho-based headquarters located within this judicial district and, specifically, in Victor, Idaho.

16.     Venue in this Court is proper, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in this judicial district.

## CITY PASS AND ITS MARKS

17.     Beginning in 1997, City Pass became the first company in North American to offer pay-one-price bundled attraction tickets that provided discounted admission to a city's most popular attractions in a single product.

18.     To uniquely identify its products from essentially the outset, City Pass coined the phrase City Pass and registered a group of proprietary marks. City Pass now owns numerous incontestable federal and international trademark registrations for its marks including the following U.S. trademark registrations:

| Trademark and Reg. No. and Reg. Date | First Use | Goods/Services |
|---|---|---|
| CITY PASS<br><br>Reg. No. 4,754,613<br><br>Reg. Date: June 16, 2015 | June 10, 1997 | IC 35. US 100 101 102. G&S: promoting tourism in various cities through pay-one-price package of admission tickets to multiple attractions within a given city or region; online retail store services featuring pay-one-price packages of admission tickets to multiple attractions within a given city or region; advertising and marketing services for other in the field of travel and tourism, namely, providing advertisements and promotional information by means of a global computer network; administration of a business affiliate program in the field of travel and tourism.<br><br>IC 39. US 100 105. G&S: Providing information in the field of travel over a global computer network; providing information in the field of tourism, namely, excursions, day trips, and sightseeing travel tours. |

| Trademark and Reg. No. and Reg. Date | First Use | Goods/Services |
|---|---|---|
| | | IC 041. US 100 101 107. G&S: Entertainment services, namely, arranging ticket reservations for recreational and leisure events, namely, attendance at theme parks, amusement parks, planetariums, zoos and aquarium attractions; providing discount tickets to multiple attractions within a given city or region by means of a global computer network; providing entertainment information to tourists and travelers about theme parks, amusement parks, planetariums, zoos and aquarium attractions; providing educational information to tourists and travelers about museums, cultural and landmark venues.<br><br>**Disclaimer:** No claim is made to the exclusive right to use "city" apart from the mark as shown<br><br>**Register:** Principal |
| **CityPASS**<br><br>Reg. No.: 4,681,896<br><br>Reg. Date: 2/3/2015 | Feb. 20, 2011 | IC 9. US 21 23 26 36 38. G&S: [Magnetically encoded cards for entry into multiple attractions within a given city or region] ((*downloadable electronic cards in the nature of tickets for entry into multiple attractions within a given city or region *)).<br><br>IC 35. US 100 101 102. G&S: Promoting tourism in various cities through pay-one-price package of admission tickets to multiple attractions within a given city or region; online retain store services featuring pay-one-price packages of admission tickets to multiple attractions within a given city or region; advertising and marketing service for others in the field of travel and tourism, namely, providing advertisements and promotional information by means of a global computer network; administration of a business affiliate program in the field of travel and tourism.<br><br>IC 39. US 100 105. G&S: Providing information in the fields of travel and tourism over a global computer network; travel agency services, namely, arranging ticket reservations for sightseeing tours.<br><br>IC 41. US 100 101 107. G&S: Entertainment services, namely arranging ticket reservations for and providing discounts tickets to multiple attractions within a given city or region by means of a global computer network; providing entertainment information to tourists and travelers about theme parks, amusement parks, planetariums, zoos and |

| Trademark and Reg. No. and Reg. Date | First Use | Goods/Services |
|---|---|---|
| | | aquarium attractions; providing educational information to tourists and travelers about museums, cultural and landmark venues.<br><br>**Description of Mark:** Color is not claimed as a feature of the mark. The mark consists of "CITY PASS" in stylized format.<br><br>**Register:** Principal |
| CITYPASS<br><br>Reg. No.: 2,255,261<br><br>Reg. Date: June 22, 1999 | June 10, 1997 | IC 35. US 100 101 102. G&S: Promoting tourism in various cities through pay-one-price package of admission tickets to multiple attractions within a given city or region.<br><br>**Register:** Principal |
| <br><br>Reg. No.: 4,754,612<br><br>Reg. Date: June 16, 2015 | Feb. 20, 2012 | IC 35. US 100 101 102. G&S: Promoting tourism in various cities through pay-one-price package of admission tickets to multiple attractions within a given city or region; online retail store services featuring pay-one-price packages of admission tickets to multiple attractions within a given city or region; advertising and marketing services for others in the field of travel and tourism, namely, providing advertisements and promotional information by means of a global computer network; administration of a business affiliate program in the field of travel and tourism.<br><br>IC 39. US 100 105. G&S: Providing information in the field of travel over a global computer network; providing information in the field of tourism, namely, excursions, day trips, and sightseeing travel tours, over a global computer network; travel agency services, namely, arranging ticket reservations for sightseeing travel tours.<br><br>IC 41. US 100 101 107. G&S: Entertainment services, namely, arranging ticket reservations for recreational and leisure events, namely, attendance at theme parks, amusement parks, planetariums, zoos and aquarium attractions; providing discount tickets to multiple attractions within a given city or region by means of a global computer network; providing entertainment information to tourists and travelers about theme parks, amusement parks, |

| Trademark and Reg. No. and Reg. Date | First Use | Goods/Services |
|---|---|---|
| | | planetariums, zoos and aquarium attractions; providing educational information to tourists and travelers about museums, cultural and landmark venues.<br><br>**Description of Mark:** The color(s) black, white and red is/are clamed as a feature of the mark. The marks consists of a design of a ticket with the words "CITYPASS" in stylized format. "CITY" is in white except for the dot over the letter "i" which is red and the word "PASS" also in red with a black background.<br><br>**Register:** Principal |

19.     The marks described in the table above are collectively referred to herein as the CityPASS® Marks and copies of the valid trademark registrations for each are attached hereto as Exhibit 1 through 4.

20.     The CityPASS® Marks have achieved incontestable status under 15 U.S.C. § 1065.

21.     Today, City Pass's customers can purchase CityPASS® tickets for at least 15 destinations throughout North America.

22.     In addition, City Pass maintains the domain name citypass.com and has maintained that internet presence since at least March 6, 2000. As discussed above, however, City Pass has been selling pay-one-price bundled attraction tickets since at least 1997.

23.     On its website, City Pass consistently uses the CityPASS® Marks to identify and sell its products as depicted in the excerpted screenshots below:





citypass.com/chicago-comparison, visited September 14, 2022.



*Id.*

24.    Other examples of City Pass's consistent use of the CityPASS® Marks include the excerpted screen shots below:



citypass.com/new-york#buy visited October 7, 2022



citypass.com visited October 7, 2022.

25.     City Pass has sold over 25 million pay-one-price bundled attraction tickets in the last 25 years of its operation and all of those products have used the CityPASS® Marks.

26.     City Pass has expended and continually expends substantial sums promoting and advertising its pay-one-price bundled attraction tickets using the CityPASS® Marks.

27.     As a result of the extensive sales, advertising, and promotion of City Pass's goods and services under the CityPASS® Marks, and through widespread consumer acceptance and recognition, the consuming public have come to recognize the CityPASS® Marks as identifying City Pass as the source of high-quality products, services, and customer care. Thus, the CityPASS® Marks have earned extraordinarily valuable goodwill in the market.

28.     City Pass's goodwill is corroborated by approximately 75,000 cumulative online reviews 93% of which award City Pass 4 or 5 out of 5 stars.

## **DEFENDANTS' INFRINGING ACTIVITIES**

29.     Defendants also sell pay-one-price bundled attraction tickets in 13 U.S. cities and operates the website gocity.com where it advertises and sells its products.

30.     Both City Pass and Defendants operate in the same markets and in the same or similar channels of trade.

31.     Defendants have been selling products that they refer to with the name "Go City pass" as demonstrated in each screen capture reproduced below and indicated with the added yellow arrows:



*See* archive.org/web search performed for gocity.com/chicago/en-us for April 17, 2022, search performed on October 12, 2022.



gocity.com/boston/en-us, visited September 14, 2022 and confirmed October 31, 2022.



gocity.com/chicago/en-us, visited September 14, 2022 and confirmed October 31, 2022.



gocity.com/ny/en-us, visited September 14, 2022 and confirmed October 31, 2022.



gocity.com/san-diego/en-us, visited September 14, 2022 and confirmed October 31, 2022.

32.     On information and belief, Defendants did not begin actively promoting the name "Go City pass" until sometime in 2021.

33.     On information and belief, aside from overt use of the confusingly similar "Go City pass" names, Defendants have also engaged in a scheme to utilize web-based-search-optimization tactics to strategically display Defendants' products alongside City Pass's offerings when users directly search for the words "city" and "pass." As background, in order to appear under those terms without having paid for placement requires relevant phrases like "city pass" or "Go City pass" be present on Defendants' website, in title tags associated with pages on the site, or as the text used for the very links that point to Defendants' website.

34.     For instance, in a typical search using the Google search engine and entering the words "city" and "pass" and nothing else, Defendants have used the CityPASS® Marks in their search listing and on their website to confuse searchers and take them to Defendants' website and away from City Pass's site that actually has the url citypass.com and offers products with the CityPASS® Marks as shown here:



google.com search, conducted October 12, 2022.

35.     Defendants have also used the CityPASS® Marks in organic search results as shown here where gocity.com's description shows, "New York Explorer Pass | Top Attraction City Pass – Go City":



36.     Also in their paid advertising Defendants have used the CityPASS®
Marks on multiple search engines in an attempt to confuse searchers and genericize
the CityPASS® Marks as shown here for Microsoft's "Bing" search engine:



37.     Similarly, Defendants have taken steps to have its site appear on
MSN.com search result, referring directly to the CityPASS® Marks as describing their
product:



38.    As discussed above, City Pass has prior rights to the CityPASS® Marks for a myriad of products and services within the commercial space where both parties operate.

39.    Defendants' most recent conduct is simply the latest phase in what now appears to be an increasingly direct attempt to ignore and undermine City Pass's intellectual property rights and hinder its ability to fairly compete using its distinctive CityPASS® Marks.

40.    In 2021, on information and belief, successor entities to Smart Destinations, Inc. and Leisure Pass Group merged and rebranded as "Go City."

41.     For a time after that rebranding, Defendants appeared able to refer to their products without resorting to improperly utilizing the CityPASS® Marks or confusing variations thereof.

42.     Later, after they re-branded as "Go City," Defendants undertook the infringing and deceptive conduct outlined above.

43.     Defendants' activities described above have been undertaken without City Pass's authorization or consent.

44.     Consumers and others are likely to be confused about the affiliation or source of Defendants' products and, in fact, City Pass is already aware of copious instances of consumer confusion arising from Defendants' conduct.

45.     For instance, as a result of Defendants' deceptive and confusing use of "Go City pass" to refer to their products, City Pass has consistently received phone calls, emails, and live-chat messages from purchasers of Defendants' products who are looking to City Pass for customer support, but ultimately discover that they have actually purchased Defendants' product.

46.     On information and belief, Defendants have been knowingly and willfully using this deceptive reference to divert customers away from City Pass's products and to Defendants' products.

47.     On information and belief, Defendants began using the infringing "Go City pass" name with full knowledge of City Pass's prior rights in the CityPASS® Marks in order to trade upon City Pass's goodwill and reputation in the pay-one-price bundled attraction ticket industry.

<u>COUNT I</u>
## Federal Trademark Infringement
### (Lanham Act § 32(1), 15 US.C. § 1114(1))

48.     City Pass hereby re-alleges and incorporates herein the allegations above.

49.     City Pass holds valid, existing, and incontestable federal Trademark Registration No. 4,754,613 for the word mark CITY PASS® and has continuously used the mark since at least June 10, 1997.

50.     City Pass holds valid, existing, and incontestable federal Trademark Registration No. 4,681,896 for the mark **CityPASS** ® and has continuously used the mark since at least February 20, 2011.

51.      City Pass holds valid, existing, and incontestable federal Trademark Registration No. 2,255,261 for the word mark CITYPASS® and has continuously used the mark since at least June 10, 1997.

52.     City Pass holds valid, existing, and incontestable federal Trademark Registration No. 4,754,612 for the word mark **CityPASS** ® and has continuously used the mark since at least February 20, 2012.

53.     City Pass owns, has the exclusive right to use, and actively uses the CityPASS® Marks, and has not in any way, authorized Defendants to use or to exploit the CityPASS® Marks.

54.     Defendants have marketed, advertised, and sold products incorporating the CityPASS® Marks in products that Defendants refer to as "Go City pass" products

through their website operated from the United Kingdom that is accessible throughout the United States and in the State of Idaho.

55.     Defendants' acts have caused, or are likely to cause, confusion, mistake, or deception, and it is likely that the public will mistakenly believe that Defendant's all-in-one admission products have their source or origin with City Pass or that Defendants' products are in some manner approved by, associated with, sponsored by, or connected with City Pass, all in violation of 15 U.S.C. §§ 1114, *et seq.*

56.     In fact, City Pass is already aware of numerous instances where the type of confusion and deception described above has already occurred and continues to occur on a near-daily basis.

57.     Defendants' actions are being undertaken willfully, and with the intent to confuse and deceive the public.

58.     Defendants' acts have damages, or may damage, City Pass's business, reputation, and goodwill and has interference, or may interfere, with the City Pass's use of its CityPASS® Marks.

59.     Defendants' acts have caused, and unless enjoined will continue to cause, irreparable harm and injury to City Pass for which there is no adequate remedy at law.

60.     Pursuant to 15 U.S.C. § 1116, Defendant should be preliminarily and, upon final hearing permanently, enjoined from engaging in infringing conduct including, but not limited to, reference to any of Defendants' products as a "Go City pass" or variants thereof, using search-word optimization

protocols on the world-wide web to direct search for "City Pass" to Defendants' websites and/or products, using meta descriptions and title tags associated with the internet operations that employ use of the CityPASS® Marks or any variations thereof to direct web traffic to Defendants' website, referring to their products as "city pass[es]," and/or otherwise infringing on the CityPASS® Marks.

61.    Pursuant to 15 U.S.C. § 1117, City Pass is entitled to recover from Defendants:

    a.    All profits received by Defendants from their use of the infringing "Go City pass" name;

    b.    actual damages sustained by City Pass due to Defendants' use of the infringing "Go City pass" name;

    c.    exceptional damages (including trebling) for intentional infringement, bad faith, and willful conduct, equal to three-times profits or damages, which is greater;

    d.    an order, pursuant to 15 U.S.C. § 1118, compelling Defendants to destroy all materials bearing the infringing name or variants thereof;

    e.    all costs of this action, including attorneys' fees, interest; and/or

    f.    statutory damages under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### False Designation of Origin
### (Lanham Act § 43(a), 15 US.C. § 1125(a))

62.    City Pass hereby re-alleges and incorporates herein the allegations above.

63.    City Pass uses and owns the CityPASS® Marks in connection with the sale of, among other things, pay-one-price admission tickets to multiple attractions within a given city or region.

64.    The CityPASS® Marks are inherently distinctive and/or have acquired secondary meaning as a designation of source for City Pass.

65.    In connection with the promotion and sale of their own pay-one-price bundled attraction tickets within a given city or region, Defendants use the infringing "Go City pass" name in interstate commerce and refer to their product as a "city pass."

66.    Defendants' use of the "Go City pass" name is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products.

67.    Consumers viewing Defendants' website or searching the internet for "City Pass" and seeing the "Go City pass" name in the marketplace are likely to believe Defendants' products are sponsored by, associated with, authorized by, or otherwise affiliated with City Pass, when they are not.

68.    Defendants' use of the "Go City pass" name constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.    Defendants' use of the "Go City pass" name is a knowing, willful, and intentional violation of City Pass's rights.

70.    Defendants' act of false designation of origin, unless restrained, will cause great and irreparable harm to City Pass and to the significant goodwill

represented by the CityPASS® Marks, in an amount that cannot be ascertained at this time, leaving Plaintiff with no adequate remedy at law.

71.    By reason of the foregoing, City Pass is entitled to injunctive relief against Defendants, restraining them from any further acts of false designation of origin, and are also entitled to recover of Defendants' profits, actual damages, enhanced profits and damage (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

**COUNT III**
**Violation of Idaho Consumer Protection Act**
**(Idaho Code § 48-603)**

72.    City Pass hereby re-alleges and incorporates herein the allegations above.

73.    Defendants have advertised for sale, used search-word-optimization tactics on the internet, and employed meta title tags, meta descriptions, and copy on their websites to promote their so-called "Go City pass" products to residents of the State of Idaho.

74.    Defendants' advertisements are deceptive and misleading and constitute unfair competition within the meaning of Idaho Code § 48-603 in that Defendants' use of the phrase "city pass" to describe their products and use the name "Go City pass" long after City Pass's registration of the CityPASS® Marks and those Marks having attained incontestable status is likely to cause and, in fact, has caused confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with City Pass, or as to the origin, sponsorship, or

approval of Defendants' goods that it refers to with the name "Go City pass" and/or Defendants' commercial activities by City Pass.

75.     Defendants actions constituted violation of, at least, Idaho Code § 48-603 sections: "(1) Passing off goods or services as those of another;" "(2) Causing likelihood of confusion or of misunderstanding as to the source approval, or certification of goods or services;" "(3) Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;" "(5) Representing that goods or services have sponsorship [or] approval . . . that [they do] not have;" and/or "(17) Engaging in any act or practice that is otherwise misleading, false, or deceptive to the consumer."

76.     As a direct and proximate result of Defendants' false designations of origin of the goods they refer to with the name "Go City® pass,"  City Pass has suffered actual damages in an amount to be proven at trial.

77.     As a result of Defendants' deceptive and misleading conduct, City Pass is entitled to:

> a.     An injunction preventing Defendants from making, using, displaying, and/or selling products using the "Go City pass" name or variants thereof, using internet search-word-optimization tactics and/or title tags or meta descriptions on their websites aimed at directing searches for "City Pass" to Defendants' websites and products, and/or referring to their products as "city pass[es];"

> b.     an award of all profits derived from Defendants' deceptive or misleading conduct;

> c.     actual damage suffered by City Pass;

d.    an order compelling Defendants to remove from the internet and deliver to the Court proof of removal of all goods or offerings displaying deceptive or misleading names or references;

e.    trebling the amount of the profits and damages awarded; and

f.    an award of reasonable attorneys' fees and costs.

## COUNT IV
### Common Law Unfair Competition

78.    City Pass hereby re-alleges and incorporates herein the allegations above.

79.    City Pass was the first to use the CityPASS® Marks or any mark similar thereto in association with the sale of its pay-one-price multi-attraction tickets in the United States and in Idaho.

80.    As a result of the continued sale of CityPASS®-branded products, the CityPASS® Marks have becomes widely known and City Pass has become identified in the public mind as the source of the products to which the CityPASS® Marks are applied.

81.    As a result of the experience and care of City Pass in producing its products and providing customer care, the CityPASS®-branded products have acquired a nationwide reputation for quality, value, and customer care. Moreover, the CityPASS® Marks, associated with CityPASS®-branded products has come to symbolize the reputation for quality, excellences, and value of City Pass's products. In addition, the CityPASS® Marks are inherently distinctive.

82.    Defendants, with knowledge of and with intentional disregard for City Pass's rights, have used the "Go City pass" name, the words "city" and "pass" directly

adjacent to each other and the CITYPASS® mark in search-optimization tactics including title tags, meta descriptions, and copy on their website, and other confusing imitation of the CityPASS® Marks, nationwide in the United States where the CITYPASS® Marks are exclusively associated with City Pass. Such acts by Defendants have caused confusion as to the source and/or sponsorship of Defendants' products.

83.    Defendant's acts are likely to be deceiving and, in fact, have actually deceived the public.

84.    Defendants' acts constitute willful infringement of City Pass's rights in the CityPASS® Marks, and are in violation of the common law.

85.    As a direct and proximate result of Defendants' actions, City Pass has suffered harm, including irreparable harm to the CityPASS® Marks and, unless Defendants are restrained from further infringement of the CityPASS® Marks, City Pass will continue to suffer irreparable harm.

86.    City Pass has no remedy at law that will adequately compensate it for the irreparable harm it will suffer if Defendants are allowed to continue.

87.    As a result of Defendants' conduct, City Pass is entitled to damages in an amount to be proven at trial, as well as attorney's fees and costs.

## JURY DEMAND

City Pass demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff City Pass, prays for judgment against Defendants as follows:

A.    Adjudicating and decreeing that Defendants have infringed City Pass's trademark rights in the CityPASS® Marks.

B.    Adjudicating and decreeing that Defendants have falsely designated their products as originating from City Pass.

C.    Preliminarily and permanently enjoining and restraining Defendants, their directors, members, officers, agents, servants, employees, parents, subsidiaries, affiliated, and all other persons in active concert or participation with, through, or under Defendants, at first during pendency of this action and thereafter perpetually:

   1.    from committing any acts of trademark infringement, deceptive trade practices, or unfair competition, or from implying a false designation of origin or a false description of Defendants' products with respect to the CityPASS® Marks;

   2.    from using in any manner labeling, literature, internet websites, copy on internet websites, app-based indicia, search-word optimization tactics, meta descriptions, title tags, or any other commercial use, the CityPASS® Marks or any variant thereof including, but not limited to, the use of the words "city" and "pass" adjacent to one another; and

   3.    from making any statement on promotional materials or advertising for their goods or services that are false or misleading as to the source, origin, or affiliation with, sponsorship by, or connection to City Pass.

D.    Requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of any injunction, file with the Court and serve upon City Pass's counsel a written report under oath setting forth details of how Defendants have complied with the Court's order outlined in C. above.

E.    Awarding damages to City Pass as a result of Defendants' willful infringement and unfair competition in an amount including awards for City Pass's actual damages and/or Defendants' profits, disgorgement of ill-gotten gains achieved by Defendants and trebled pursuant to applicable State and Federal laws, and City Pass's attorneys' fees and costs.

F.    Awarding City Pass its attorney's fees and costs along with pre- and post-judgment interest on all amounts awarded against Defendants.

G.    Awarding City Pass such other and further relief as this Court deems just and proper under the circumstances.

DATED:        October 31, 2022                   Respectfully submitted,

                                                 DICKINSON LAW FIRM, PLLC

                                                 By: /s/ Lisa J. Dickinson
                                                       Lisa J. Dickinson

                                                 Lisa J. Dickinson (Idaho Bar No. 6282)
                                                 DICKINSON LAW FIRM, PLLC
                                                 1020 N. Washington St., Ste. 3
                                                 Spokane, Washington 99201
                                                 Ph: (502) 326-0636
                                                 Email: lisa@dickinsonlawfirm.com

                                                 David S. Becker
                                                 DICKINSON WRIGHT, PLLC
                                                 55 West Monroe Street, Suite 1200
                                                 Chicago, Illinois 60603
                                                 Telephone: 312.641.0060
                                                 Facsimile: 844.670.6009
                                                 E-mail: dbecker@dickinsonwright.com

                                                 *Attorneys for Plaintiff, City Pass, Inc.*

4854-7223-1731 v3 [102856-1]